1

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9   Andre Armstrong,                                    No. CV-17-02145-PHX-JJT

10                    Plaintiff,                        **ORDER**

11   v.

12   Vocational Rehabilitation Administration,

13                    Defendant.

14

15          At issue is *pro se* Plaintiff Andre Armstrong's Application for Leave to Proceed *In*

16   *Forma Pauperis* (Doc. 2) and Motion to Appoint Guardian *Ad Litem* (Doc. 5). Having

17   determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application.

18   However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.)

19   pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint fails to establish that

20   the Court has jurisdiction over this matter.

21   **I.      LEGAL STANDARDS**

22          **A.      28 U.S.C. § 1915(e)(2)**

23          For cases in which a party is permitted to proceed *in forma pauperis*—that is, the

24   party lacks the means to pay court fees—Congress provided that a district court "shall

25   dismiss the case at any time if the court determines" that the "allegation of poverty is

26   untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on

27   which relief may be granted," or "seeks monetary relief against a defendant who is immune

28   from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis*

proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Subject Matter Jurisdiction and Pleading in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014). The complaint must also contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. ANALYSIS

In the Complaint, Plaintiff fails to state the basis for the Court's jurisdiction over this matter. Instead, the single page, single paragraph Complaint simply states that a governmental agency has harassed and caused Plaintiff harm. The Complaint then asks the Court to forward him the correct forms to file a proper Complaint. This is insufficient to establish this Court's jurisdiction over this matter.

Furthermore, a complaint must allege sufficient facts to state a plausible claim. *Iqbal*, 556 U.S. at 678. Here, it is wholly unclear what harm Plaintiff has suffered or how Defendant has caused such harm. Thus, the Court must dismiss Plaintiff's Complaint for failure to state a claim. In so dismissing, the Court must also deny Plaintiff's Motion to Appoint a Guardian *Ad Litem.* (Doc. 5.) Without a proper Complaint on file, or a determination that this Court has jurisdiction over Plaintiff's claim, Plaintiff cannot establish he is entitled to such relief. *See, e.g.*, *Ingram v. City of San Francisco*, No. C12-3038 JSC, 2012 WL 3257805, at *2 (N.D. Cal. Aug. 8, 2012) (declining to appoint guardian *ad litem* without a meritorious claim, while acknowledging that "persons deemed incompetent litigants may have potentially meritorious claims and therefore warrant the appointment of a guardian *ad litem*").

For links to the Federal Rules of Civil Procedure and Local Rules as well as information about creating a complaint and filing it in this Court, Plaintiff may refer to the section entitled "For those Proceeding Without an Attorney" on the Court's website, www.azd.uscourts.gov.

IT IS THEREFORE ORDERED granting Plaintiff Andre Armstrong's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2).

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff may file an Amended Complaint that complies with Rules 8 and 10(b) and states a basis for this Court's jurisdiction no later than 21 days from the date of this Order. If no Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

. . . .

. . . .

. . . .

. . . .

. . . .

1    IT IS FURTHER ORDERED denying as moot Plaintiff's Motion to Appoint

2  Guardian *Ad Litem* (Doc. 5). Plaintiff may refile any such Motion if and when an Amended

3  Complaint exists that complies with this Order.

4        Dated this 7th day of August, 2017.

Honorable John J. Tuchi
United States District Judge